IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Theodore R. Harmon, | C/A No.: 1:22-1663-TMC-SVH |
| Plaintiff, | |
| vs. | |
| Warden R. S. Dunbar, Associate Warden M.A. Delafoisse, HSA K. Nolte, AHSA Capt. D. Brown, Clinical Dir. S. Hoye, Dr. R. Dominici, NP Lt. CDR. Davis, | ORDER AND NOTICE |
| Defendants. | |

Theodore R. Harmon ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff sues Warden R. S. Dunbar ("Warden Dunbar"), Associate Warden M.A. Delafoisse ("Associate Warden Delafoisse"), Assistant Health Service Administrator ("HSA") Captain D. Brown ("Assistant HSA Brown"), Clinical Director S. Hoye ("Director Hoye"), Nurse Practitioner ("NP") Lieutenant Commander Davis ("NP Davis"), Dr. R. Dominici ("Dr. Dominici"), and HSA K. Nolte ("HSA Nolte") (collectively "Defendants").

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff is a federal inmate incarcerated at Federal Correctional Institution Williamsburg ("FCI Williamsburg") in Salters, South Carolina. [ECF No. 1 at 3]. He alleges he is experiencing "terrible pain" in his lower back and numbness in his lower extremities. *Id.* at 5. He claims he has a skin rash on his back that has been present for over a year and that the medical department has failed to honor his request for a biopsy and "done nothing." *Id.* He states his pain level of "10 or higher" is causing him to fall down and black out. *Id.* He alleges he requires magnetic resonance imaging ("MRI") of his knees, back, legs, and feet and examinations by medical specialists. *Id.* at 6, 7. He asserts he has filed forms BP-8, BP-9, and BP-10, and sent emails to Warden Dunbar, Associate Warden Delafoisse, HSA Nolte, Assistant HSA Brown, Director Hoye, Dr. Dominici, and NP Davis, but no one has helped him. *Id.* at 5. He claims the BOP failed to respond to the BP-10 within 40 days. *Id.* at 2.

Plaintiff requests the court order the BOP to send him to a hospital for MRIs and to a doctor, back specialist, or neurosurgeon for further evaluation of his complaints. *Id.* at 5.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d

Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    1. Official or Individual Capacity

Plaintiff fails to specify whether he is bringing suit against Defendants in their official or individual capacities. In *Bivens*, the Supreme Court held

4

that a plaintiff may obtain damages for injuries caused by a federal employee acting "under color of his authority" in violation of the plaintiff's constitutionally-protected rights. Thus, a plaintiff may recover monetary damages in *Bivens* actions brought against federal employees in their individual capacities. However, because the United States has not waived its sovereign immunity in such matters, claims for damages brought pursuant to *Bivens* are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Requests for injunctive relief may be brought against federal agencies and employees based on actions performed in their official capacities. *See* 5 U.S.C. § 702; *Ross v. Meese*, 818 F.2d 1132, 1135 (4th Cir. 1987) (citing *Ex Parte Young*, 209 U.S. 123 (1908) (recognizing the right of injunctive relief for constitutional violations)).

Plaintiff's complaint does not include a request for damages from Defendants, but, instead, requests the court order specific performance. Thus, Plaintiff appears to be suing Defendants in their official capacities.

Plaintiff is directed to specify whether he is attempting to bring suit against Defendants in their individual or official capacities. If Plaintiff fails to specify in which capacities he is attempting to sue Defendants, the court will

5

interpret the claim as being brought against Defendants in their official capacities as claims for injunctive relief, as opposed to monetary damages.

### 2. Failure to Allege Constitutional Violation

Plaintiff generally alleges Defendants have failed to assist him in obtaining treatment for various medical complaints. Plaintiff has not alleged sufficient facts to support causes of action against each defendant. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662 at 676.

Construed liberally, it appears Plaintiff may be attempting to bring an Eighth Amendment claim based on deliberate indifference to a serious medical need. To establish an Eighth Amendment violation, Plaintiff must show Defendants exhibited "deliberate indifference" to his "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1970). This requires a showing of more than mere negligence, *Estelle v. Gamble*, 492 U.S. 97, 105–06 (1976), and "more than an ordinary lack of due care for the prisoner's interest of safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Plaintiff fails to allege specific facts in his complaint to support such a claim.

To the extent Plaintiff's action against Defendants is based on their failures to take action in response to his grievances, he has failed to cite sufficient facts to support violation of the Eighth Amendment. "Receipt of or

6

response to a grievance is not sufficient personal involvement in the grieved circumstances to impose . . . liability on a supervisory official." *Washington V. Federal Bureau of Prisons*, C/A No. 5:16-3913-BHH-KDW, 2019 WL 2125246, at *12 (D.S.C. Jan. 3, 2019) (citing *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013); *Miles v. Aramark Corr. Serv.*, 236 F. App'x 746, 751 (3d Cir. 2007); *Rogers v. United States*, 696 F. Supp. 2d 472, 488 (W.D. Pa. 2010)), adopted by 2019 WL 1349516 (Mar. 26, 2019). To establish a claim for deliberate indifference to a serious medical need against non-medical supervisory prison personnel, Plaintiff must prove: (1) the supervisory defendants failed promptly to provide the inmate with needed medical care; (2) the supervisory defendants deliberately interfered with the prison medical providers' performance; or (3) the supervisory defendants tacitly authorized or were indifferent to the prison medical providers' constitutional violations. *Cunningham v. S. Health Partners*, C/A No. 6:18-1381-JMC-KFM, 2019 WL 1748610, at *3 (D.S.C. Mar. 19, 2019) (citing *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), adopted by 2019 WL 1746628 (Apr. 17, 2019).

Because Plaintiff has not alleged sufficient facts to support a claim of deliberate indifference to a serious medical need and has not outlined the specific actions of each defendant that would support such a claim, this case is subject to summary dismissal.

       3.      Motion for Appointment of Attorney

To the extent Plaintiff's request that the court "give me an attorney to help me file the forms correctly" is intended as a motion for appointment of counsel, the undersigned denies such request. Plaintiff states he needs counsel because "[t]his court is turning it's back on me telling me I am filing the wrong forms and wrong procedures." [ECF No. 1 at 5].

The court notes there is no constitutional right to appointment of counsel in civil cases. Although the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

After a review of the pleadings, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case.

The undersigned acknowledges nonbinding precedent from United States Courts of Appeals for the Third and Seventh Circuits requiring courts considering motions pursuant to § 1915(e)(1) to evaluate a pro se plaintiff's competence to litigate the case. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Although the Fourth Circuit has articulated no similar requirement, the undersigned finds Plaintiff's pleadings demonstrate he is sufficiently competent to pursue means of assistance with his claim within the prison. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **July 5, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the

district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

June 13, 2022                                            Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge