IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Theodore Roosevelt Harmon, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-01663-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden R.S. Dunbar; Associate Warden M.A. Delafoisse; AHSA Capt. Brown; Clinical Director S. Hoye; NP L. Cdr. Davis; Doctor R. Dominici; and HSA Nolte, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Theodore Harmon, a convicted and sentenced federal prisoner proceeding *pro se* and *in forma pauperis*, (ECF No. 6), filed this action, alleging a violation of his Eighth Amendment rights. (ECF Nos. 1, 10). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Thereafter, the magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 7). She also issued a separate order, wherein she, among other things, advised Plaintiff that his case was subject to summary dismissal and granted him additional time to file an amended complaint to correct the defects noted in her order. (ECF No. 8). Plaintiff filed an amended complaint as well as proposed summonses. (ECF Nos. 10, 11).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action with prejudice. (ECF No. 13). Plaintiff filed a motion for an extension of time to file objections to the Report, (ECF No. 15), and the court granted the

motion, (ECF No. 17). Plaintiff subsequently filed his objections, (ECF No. 19), and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious

2

case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

In his amended complaint, Plaintiff provides that, on or around September 7, 2021, a pipe chase filled with water and flooded his cell. (ECF No. 10 at 4). He used a wet vacuum to remove the water, and, while lifting the vacuum to empty it, he felt his back pop. *Id*. at 5. He immediately notified "the officer." *Id*. Since the incident, he has had severe low back pain and numbness in his lower extremities. *Id*. Though the medical department provided him with medication, lidocaine patches, steroid injections, and a walker, it has not accommodated his request to schedule him for a "neurospecialist" evaluation. *Id*. at 5, 9. Thus, he believes the defendants have violated his constitutional rights. *Id*. at 5. Accordingly, Plaintiff brought this Eighth Amendment claim, alleging the defendants showed deliberate indifference towards his "medical needs by not providing appropriate treatment required." *Id*. at 3.

The magistrate judge determined this case was subject to dismissal for multiple reasons. First, she explained Plaintiff made insufficient allegations to support any claim against any named defendant as his amended complaint contains no specific factual allegations against any of the individual defendants. (ECF No. 13 at 4-5). Next, she concluded Plaintiff's allegations fail to support an Eighth Amendment violation as he does not allege a sufficiently serious deprivation or that any of the defendants had the requisite state of mind of deliberate indifference. *Id*. at 5-6. Additionally, she determined Plaintiff failed to allege facts that would implicate the liability of non-medical, supervisory personnel. *Id*. at 7-8. Plaintiff filed objections to each ground on which the magistrate judge based her recommendation to dismiss this case. (ECF No. 19).

In response to the magistrate judge's recommendation that this case be dismissed for failing to make sufficient allegations to support a claim against any of the named defendants, Plaintiff does not dispute that his amended complaint lacks sufficient allegations. (ECF No. 19 at 2-3). Instead, he uses his objections as a third attempt to raise additional allegations to satisfy his burden. In doing so, Plaintiff has still failed to make sufficient allegations to support a claim against any of the named defendants.[1]

---

[1] The court notes that, in the portion of Plaintiff's objections that specifically addresses the insufficiency of his allegations, Plaintiff raises allegations against "Defendants #1 and #2," which the court assumes are Warden R.S. Dunbar and Associate Warden M.A. Delafoisse, and allegations against "Defendants #3, 4, 5, 6, and 7," which the court assumes are the remaining defendants named in this action. (ECF No. 19 at 2-3). None of the allegations made against the second group of defendants in this portion of his objections or throughout Plaintiff's filings specifically reference Assistant Health Services Administrator Captain Brown, Clinical Director S. Hoye, Nurse Practitioner L. Cdr. Davis, Dr. R. Dominici, or Health Services Administrator Nolte. Accordingly, the court finds Plaintiff has failed to allege sufficient allegations to support any claim against any of these named defendants. Though the court has similar concerns regarding the sufficiency of Plaintiff's allegations as to Defendant Warden R.S. Dunbar and Defendant Associate Warden M.A. Delafoisse because Plaintiff never references either by name, Plaintiff has at least made allegations against the "warden" and "assistant warden." Thus, the court will continue its analysis of Plaintiff's objections given its requirement to liberally construe a *pro se* litigant's filings.

"The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments'" and "imposes a duty on prison officials to 'provide humane conditions of confinement . . . [and] ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting U.S. Const. amend. VIII and *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To establish an Eighth Amendment violation, Plaintiff must first show the alleged deprivation is "objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the defendants must have acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. The Fourth Circuit has explained:

> First, *Farmer*'s "objective" prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). To be "sufficiently serious," the deprivation must be "extreme"—meaning that it poses "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted). ***In medical needs cases, like the case at bar, the Farmer test requires plaintiffs to demonstrate officials' deliberate indifference to a "serious" medical need that has either "been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention***." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).
>
> Second, under *Farmer*'s "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation marks omitted) (quoting *Wilson*, 501 U.S. at 297, 111 S.Ct. 2321). In conditions of confinement cases, the requisite state of mind is deliberate indifference. *Id*. ***To prove deliberate indifference, plaintiffs must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety*.*"*** *Id*. at 837, 114 S.Ct. 1970. ***Put differently, the plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[ew] th[at] inference."*** *Id*. (emphasis added). ***Deliberate indifference is "more than mere negligence,"*** but "less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835, 114 S.Ct. 1970. It "lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr*., 58 F.3d

5

> 101, 105 (4th Cir. 1995) (citing *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970). ***Under this standard, mere "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are not actionable absent exceptional circumstances***. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).
>
> ***In deliberate indifference to medical needs cases, Farmer's subjective prong requires proof of the official's "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction***." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Farmer*, 511 U.S. at 837–39, 114 S.Ct. 1970). A plaintiff can meet the subjective knowledge requirement through direct evidence of a prison official's actual knowledge or circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970).

*Scinto*, 841 F.3d at 225–26 (emphasis added).

In support of his Eighth Amendment claim, Plaintiff provides he has a serious medical condition, or "medical need," as evidenced by being given medication and a walker. (ECF No. 19 at 4). Though he has been receiving treatment for his condition, he contends he has been deprived of timely and adequate medical treatment in the form of an MRI and neurospecialist evaluation in violation of his constitutional rights. (ECF Nos. 10 at 5; 19 at 4). According to Plaintiff, due to the defendants' "*mere negligence*" in depriving him of "adequate care", his condition has worsened; therefore, "a clear deliberate indifference has been shown." (ECF No. 19 at 5-6) (emphasis added). Plaintiff also provides "[t]he warden was made aware of the injury" as well as the flooding and that "[t]he warden and assistant warden ha[ve] failed to fix the roofing issue which resulted in the original injury." *Id*. at 2, 4.

The court agrees with the magistrate judge that Plaintiff has failed to allege sufficient facts to support a claim for an Eighth Amendment violation against any of the named defendants. As discussed in footnote one herein, Plaintiff has not made any allegations against Defendants Assistant Health Services Administrator Captain Brown, Clinical Director S. Hoye, Nurse

6

Practitioner L. Cdr. Davis, Dr. R. Dominici, or Health Services Administrator Nolte. Indeed, he does not mention them at all in his amended complaint or in his objections. Nor has Plaintiff alleged exceptional circumstances to bring an action over a disagreement regarding his treatment plan. *See Scinto*, 841 F.3d at 225 (stating "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances") (quoting *Wright*, 766 F.2d at 849)). Further, the court recognizes that Plaintiff has "minimal to no education in the law," but it nevertheless notes that even *he* alleges the action or inaction giving rise to his claim equates to "negligence" and "mere negligence of adequate care." (ECF No. 19 at 3, 4). Negligence, however, is insufficient to establish deliberate indifference. *Scinto*, 841 F.3d at 225. Additionally, Plaintiff does not raise any allegations against either Warden R.S. Dunbar or Associate Warden M.A. Delafoisse in his amended complaint or in his objections. While he mentions the "warden" and "assistant warden," Plaintiff has made no allegation that either played any role in facilitating or deterring his medical treatment.

As such, the court also agrees with the magistrate judge that Plaintiff has failed to allege sufficient facts that would implicate the liability of non-medical, supervisory personnel. He has not raised any allegations that would support a finding that the supervisory defendants failed to promptly provide him with needed medical care; that they deliberately interfered with the prison medical providers' performance; or that they tacitly authorized or were indifferent to the prison medical providers' constitutional violations.[2]

---

[2] The court is mindful of Plaintiff's allegations *in his objections* that "Defendants #1 and #2" were made aware of the flooding but have not fixed the cause. (ECF No. 19 at 2). To the extent these allegations could possibly be interpreted as raising an issue regarding the conditions that allegedly caused his injury, the court adds for clarification that the alleged constitutional violation raised in Plaintiff's *amended complaint* is *clearly* the defendants' failure to provide him with "appropriate" medical treatment following his injury. (ECF No. 10 at 3,6, 7, 9). He made no claim as to the conditions that caused his injury. *See Elijah*, 66 F.4th at 460 n.3 (recognizing "district court judges

**CONCLUSION**

Having thoroughly reviewed the record, the Report, and Plaintiff's objections to the Report, the court agrees with the magistrate judge's conclusions and finds no reason to deviate from her recommended disposition as set forth in the Report.  Accordingly, the court **ADOPTS** the Report (ECF No. 13), which is incorporated herein.  This action is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 15, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

are not required to consider new arguments posed in objections to the magistrate's recommendation"); *Floyd v. City of Spartanburg*, Civ. A. No. 7:20-cv-1305-TMC, 2022 WL 796819, at *8 (D.S.C. Mar. 16, 2022) (providing "'the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's Report'") (quoting *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. Mar. 31, 2017)); *see also Stratton*, 521 Fed. App'x at 290 (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'") (quoting *Beaudett*, 775 F.2d at 1277-78).